**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4663(L), 25-4664

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CORTEZ DESEAN IRELAND,

Defendant – Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:20-cr-00217-TDS-1; 1:24-cr-00310-TDS-1)

Submitted:  July 13, 2026                         Decided:  August 13, 2026
                      Amended:  August 13, 2026

Before KING, HEYTENS, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Eric D. Placke, Federal Public Defender, Kathleen A. Gleason, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Dan Bishop, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While serving a term of supervised release, Cortez Ireland shot at a police car. Ireland pleaded guilty to possessing a firearm after being convicted of a felony and also admitted to violating his conditions of supervised release. The district court sentenced Ireland to 165 months for the new conviction and 24 months for the supervision violation and ordered that the sentences be served consecutively. On appeal, Ireland argues the district erred by: (1) applying a certain Sentencing Guidelines cross reference; and (2) running his revocation sentence consecutive to (rather than concurrent with) his new sentence. We affirm.

To start, even assuming the district court erred by applying the contested cross reference, we conclude any such error was harmless. Under this Court's well-settled precedent, an error affecting a defendant's guidelines calculation is harmless if: (1) "the district court would have reached the same result even if it had decided the [contested] issue the other way"; and (2) that sentence is "substantively reasonable under the facts of this case." *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) (first quote); *United States v. Hargrove*, 701 F.3d 156, 163 (4th Cir. 2012) (second quote). Here, the district court explained that, even "if [it had] made an error in the guideline calculation, that's still the sentence" it "would arrive at." JA 134. We further conclude that the district court's chosen sentence is substantively reasonable because "the record provides abundant support for [its] conclusion that the [18 U.S.C.] § 3553(a) factors support the sentence." *United States v. Evans*, 526 F.3d 155, 165 (4th Cir. 2008).

2

We also conclude the district court committed no reversible error in directing that Ireland's new sentence and revocation sentence should run consecutively. For one, the Federal Sentencing Guidelines recommend that such sentences be imposed consecutively, not concurrently—even when the same conduct underlies both the new conviction and the supervision violation. See U.S.S.G. § 5G1.3, cmt. n.4(C); see also U.S.S.G. § 7B1.3(f). For another, the district court's discussion of the sentencing factors amply supported its decision to run the revocation sentence consecutively with the new sentence. See, *e.g.*, *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019) (affirming district court's decision to run a revocation sentence consecutively "with the anticipated state sentence" because the district court explained that "th[e] seriousness" of the offense conduct merited such a decision).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The judgment is

*AFFIRMED.*

3